RAISLER v. BENJAMIN.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

1. APPEAL AND ERROR (§ 671*)—RECORD—QUESTIONS REVIEWABLE.

　　Where the record on appeal does not contain the order denying defendant's motion for a new trial, and a statement printed in the case on appeal that it contains all the evidence has been stricken out by stipulation, the court will only examine the exceptions.

　　[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 671.*]

2. PHYSICIANS AND SURGEONS (§ 18*)—ACTION FOR MALPRACTICE—EVIDENCE.

　　In an action against a Christian Science healer for malpractice, testimony of witnesses that defendant had held himself out to them as a physician and had administered what purported to be medicines was inadmissible; it not appearing that these facts were communicated to plaintiff, or that he relied on them.

　　[Ed. Note.—For other cases, see Physicians and Surgeons, Dec. Dig. § 18.*]

**3. TRIAL (§ 98*)—STRIKING OUT EVIDENCE.**

    In order to counteract the effect of the admission of inadmissible evidence by afterward striking it out, the jury should be clearly and distinctly informed just what evidence is to be disregarded.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 249; Dec. Dig. § 98.*]

Appeal from Trial Term, New York County.

Action by Solomon Raisler against Julius Benjamin. From a judgment for plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

D. W. Steele, Jr., for appellant.

J. H. Taylor, for respondent.

SCOTT, J. This is an action against a so-called Christian Science "healer" for malpractice. The complaint alleges: That the defendant held himself out, and represented himself as, a physician; that plaintiff, having a malady in his foot, resorted to defendant, who undertook to treat and prescribe for him; that he deterred plaintiff from going to other physicians; that the treatment was of no value and not calculated to relieve or cure plaintiff's malady; that, relying upon defendant's promises and assurances, the plaintiff neglected to go to another physician until it was too late, as a result of which he was obliged to suffer amputation, first of his toe, and afterwards of his foot. Defendant denied that he represented himself as a physician, or that he gave any drugs or medicines. On the contrary, he avers that he told plaintiff from the beginning that his treatment was nonmedical, and consisted of prayer, meditation, and religious exhortation. The plaintiff has suffered for many years from an obscene disease, which had produced a sore in his foot. His general charge against defendant is that he had relied upon his advice, in consequence of the representations made to him by said defendant that he was a physician and could cure him. He does not charge that defendant's treatment of itself was harmful, but that it was not beneficial, and that he was prevented by defendant's representations and protestations from making a timely visit to some bona fide physician, which, as he believes, would have resulted in a cure.

We have much doubt whether the verdict is supported by the evidence, and we consider the damages to be excessive under all the circumstances; but the state of the record precludes us from disturbing the judgment on either of these grounds. There is no order denying defendant's motion for a new trial, and a statement printed in the case on appeal that it contains all the evidence has been stricken out by stipulation. We are only at liberty therefore to examine the exceptions. The defendant was not on trial for practicing medicine without a license, or for falsely holding himself out to the world at large as a physician. The court, under objection and exception, permitted three witnesses to testify that defendant had held himself out to them as a physician, and had administered to them what purported to be medi-

cines.  It was not shown that these facts were communicated to plaintiff, or that he relied upon them.  We think that this evidence was erroneously admitted, and was calculated to influence the verdict.  It is true that a motion was afterwards granted to strike this evidence out; but the jury were not instructed to disregard it, and it is by no means clear that the part stricken out was so identified that the jury undersood that it was withdrawn from their consideration.  In order to counteract the effect of the admission of inadmissible evidence by afterwards striking it out, it is necessary that the jury should be very clearly and distinctly informed just what evidence is to be disregarded.  We are not sure that they were so informed in the present case.

The judgment appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event.  All concur.

